1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DARIEN NELSON,

11              Petitioner,                No. 2:12-cv-1735 MCE EFB P

12        vs.

13   BRUNO STOLC,
                                           ORDER AND
14              Respondent.                FINDINGS AND RECOMMENDATIONS

15   _____/

16        Petitioner is a state prisoner proceeding without counsel seeking a writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.  Petitioner seeks leave to proceed *in forma pauperis*.  He makes

18   the required showing.  Therefore, the request is granted.  *See* 28 U.S.C. § 1915(a).

19        Currently pending before the court is petitioner's application for a writ of habeas corpus.

20   For the reasons explained below, the undersigned finds that it must be dismissed without leave to

21   amend.  *See* Rule 4, Rules Governing § 2254 Cases.

22        A district court must entertain a habeas petition "in behalf of a person in custody

23   pursuant to the judgment of a State court only on the ground that he is in custody in violation of

24   the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A judge

25   entertaining a habeas petition "shall forthwith award the writ or issue an order directing the

26   respondent to show cause why the writ should not be granted, unless it appears from the

                                           1

1    application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The

2    petition must be dismissed if on initial review the court finds that "it plainly appears from the

3    petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

4    Rule 4, Rules Governing § 2254 Cases.

5         Petitioner claims that the trial court violated the Fifth and Fourteenth Amendment to the

6    United States Constitution by: 1) imposing a restitution fine without a determination of

7    petitioner's ability to pay; 2) failing to determine whether the imposition of a restitution fine

8    created a hardship for petitioner; and 3) failing to state its reasons on the record for imposing a

9    restitution fine. Dckt. No. 1 at 4-5, 8.

10         Section 2254(a) provides that a district judge shall entertain an application for a writ of

11    habeas corpus only for individuals "in custody" pursuant to a state court judgment. For an

12    individual to be "in custody" for purposes of 2254(a), he must establish two requirements.

13    *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010). First, the petition must be filed "in behalf of a

14    person in custody." *Id*. This requirement "has been interpreted to mean that federal courts lack

15    jurisdiction over habeas corpus petitions unless the petitioner is under the conviction or sentence

16    under attack at the time his petition is filed." *Id*. at 978 (quotations omitted) (citing *Resendiz v.*

17    *Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005). Second, a petition may only be entertained where

18    the petitioner contends "that he is 'in custody' in violation of the Constitution or other federal

19    laws." *Id*. at 979. This requires "a nexus between the petitioner's claim and the unlawful nature

20    of the custody." *Id*. at 979-80. A challenge only to the restitution portion of a sentence lacks the

21    requisite nexus to a petitioner's custody to satisfy the second "in custody" requirement. *Id*. at

22    981.

23         Here, petitioner's three claims only challenge the imposition of his restitution fine. Even

24    if petitioner were to succeed on his claims, judgement in his favor would not directly impact the

25    duration of his confinement. As petitioner does not satisfied the "in custody" requirement, the

26    court lacks jurisdiction over his petition. *See id*.

1    Accordingly, it is hereby ORDERED that petitioner's request for leave to proceed *in*
2 *forma pauperis* is granted.

3    Further, it is hereby RECOMMENDED that the petition be dismissed without leave to
4 amend, and the Clerk of the Court be directed to close the case.

5    These findings and recommendations are submitted to the United States District Judge
6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
7 after being served with these findings and recommendations, any party may file written
8 objections with the court and serve a copy on all parties.  Such a document should be captioned
9 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
10 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
11 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In
12 his objections petitioner may address whether a certificate of appealability should issue in the
13 event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing
14 Section 2254 Cases ("the district court must issue or deny a certificate of appealability when it
15 enters a final order adverse to the applicant").

16 Dated:  October 11, 2012.

17

18                                EDMUND F. BRENNAN
                                 UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26